RECEIPT # _55833_
AMOUNT $ _150_
SUMMONS ISSUED _2_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _no_
BY DPTY. CLK. _____
DATE _5-7-04_

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

ROBERT F. URBANO,
            Plaintiff,

vs.

PARAGON PROPERTIES, INC.
and JONATHAN GLICK, Trustee.,
            Defendants.

Civil Case No. **04 - 10920 DPW**

COMPLAINT MAGISTRATE JUDGE Bowler
DEMAND JURY TRIAL

---

## PRELIMINARY STATEMENT

1.    Plaintiff Robert F. Urbano pro se brings this action in order to obtain redress for the attempted deprivation of his federally protected right to due process as guaranteed by the V & XIV Amendments to the United States Constitution and by 42 U.S.C. sec. 1983 as well as the laws and articles I, X & XI of the Commonwealth of Massachusetts.  Plaintiff alleges that Defendants  inflicted emotional and financial distress  on an ill  82-year-old tenant by retaliatory eviction because Plaintiff complained of Defendants' violations of all landlord/tenant laws of the Commonwealth of Massachusetts.



## JURISDICTION AND VENUE

2.     This Court has authority to declare the rights of the parties pursuant to 28 U.S.C. secs 1331& 1343 in that this action includes claims under the Civil Rights Act, 42 U.S.C. sec. 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

3.     This Court has the authority to declare the rights of the parties pursuant to 28 U.S.C. secs 2201 & 2202.

4.     Venue is proper under 28 U.S.C. sec. 1391(b) in the District of Massachusetts since  Plaintiff and Defendants reside in this District and each and all of the acts complained of occurred within the territorial limits of the District under color, pretense and authority of the laws of the Commonwealth of Massachusetts.

5.     This Court has the authority to grant Plaintiff costs under 42 U.S.C. sec. 1988.

## PARTIES

6.      Plaintiff Robert F. Urbano is a resident of Rockport Massachusetts at 410 Sandy Bay Terrace, Sandy Bay Estates, a subdivision of Defendant Paragon Properties owning and managing approximately 250 units throughout Massachusetts.

7.      Defendant Paragon Properties, Inc. is incorporated in Massachusetts with headquarters at 581 Boylston St #500, Boston, Massachusetts 02116 and is sued in its corporate capacity. Defendant Jonathan Glick, same address, is designated Trustee/Manager by Paragon and is sued both in his individual and official capacities. At all relevant times with regard to this Complaint the conduct of the defendants was under color and authority of Massachusetts law.

## STATEMENT OF FACTS

8.    On 3/31/01 Plaintiff/Tenant moved into unit 410 Sandy Bay Estates, Rockport Massachusetts 01966 owned by Defendant Paragon Properties, Inc. and managed by Defendant/Trustee Jonathan Glick

9.    On 5/23/01 Plaintiff notified Defendants by fax including relevant Massachusetts landlord/tenant statutes that they were not complying with landlord/tenant law. (Apps 1-2)

10.    On 5/24/01 Defendant Glick called Plaintiff at home and advised in  no uncertain terms that Paragon had no intention of changing their longstanding procedures.   Rental Agent Maureen LaChance expressed the same view.

11.    On 4/24/02 Plaintiff filed a small claims complaint in the Gloucester District Court pursuant to M.G.L. c. 93A withholding rent in escrow. (Apps 3) The Clerk of the District Court refused to verify whether the  Assistant Clerk was qualified  in the  District Court pursuant to Small Claims Court Structure Standards 2:03 saying only that she was "authorized". ((Apps 6-7)

12.   On 4/30/02 Defendant Glick in a letter (Apps 4) advised this Plaintiff/Tenant that unless he withdrew the complaint and immediately paid the escrowed rent to Paragon (see 11 supra & Apps 4)) that the Landlord would file summary process eviction. (ibid)

13.   Nevertheless (see 11 supra) on 7/9/02 the Assistant Clerk in the Gloucester District Court, without citation of law or facts, found in a checked-off format (Apps 5) that the Defendant/Landlord would not pay damages but did not address whether the defendants had violated Massachusetts landlord/tenant law. (Ibid)

14.   The Landlord filed summary process eviction in the District Court and Plaintiff/Tenant removed to the Northeast Housing Court.

15.   On 7/30/02 a hearing was held in the Housing Court (Apps 8-29) where the Housing Court Judge was ignorant of landlord/tenant law, particularly lead paint law (Apps 16-19 line 15) and the facts of the matter before the Court where inter alia the Court held that Tenant could have appealed a small claims decision. (Apps 11 lines 9-10) The Housing Court Judge ruled that the District Court Small Claims judgment was res judicata as to Last Month's Rent and Security

Deposit violations (see 11 & 13 supra & Apps 10-11 line 11) but was unable to determine from the same (supra) blank judgment (Apps 5) whether the illegal key deposit had been determined! (Apps 15 lines 16-19) actually the only determination documented was that the Landlord would not be forced to pay pecuniary damages. (ibid)

16.    On 7/30/02 The Housing Court in its order (Apps 29) found that the Landlord had committed numerous  violations of landlord/tenant law,  as  alleged by the Tenant (Apps 8-29 & see Apps 40), but ruled that the District Court judgment was res judicata as to last month's rent and security deposit violations alleged by Plaintiff/Tenant.   Nevertheless the Judge proceeded to hear the Landlord as to last month's rent receipt also violated by the Landlord and  the attempted introduction of a fraudulent receipt. (see 11&13 supra &Apps 21 line 22 to 23 line 13) Subsequently the Housing Court Judge stated (Apps 15 lines 16-19) "* * * I'm unable to determine that the issue (of key deposit) was adjudicated. * * *" Nevertheless the Judge was able to determine from the same order (Apps 29) that the last month's rent and security deposits complaint

was adjudicated! (see 15 supra) The Housing Court also awarded the Landlord costs (Apps 29 & MGL c. 261 sec. 1), despite recognizing that the Defendants had violated the Tenant's rights and gave the Tenant 10 days to pay withheld rent in escrow but on appeal simply modified the escrowed rent deposit to include the Landlord's Attorney George R. Sibley.

17.    Plaintiff/Tenant appealed to the Massachusetts Court of Appeals and on 2/19/04 a 3-judge panel of the Appeals Court affirmed the Housing Court order (Apps 33-36) without addressing several constitutional questions including whether the summary process eviction was nullified by the Landlord's violations of the landlord/tenant law and regulation and imposition of the statutory penalties applying to those violations or whether the Landlord had violated due process access to the courts and incorrectly decided the question of a key deposit. (ibid)

18.    Plaintiff filed rehearing in the Appeals Court alleging constitutional errors in their order of affirmation but the 3-panel judges immediately denied rehearing without comment. Petition for

review in the Massachusetts Supreme Judicial Court was denied on 5/3/04. (Apps 45)

## STATEMENT OF LAW

19.   Each and all of the acts of the Defendants, their officers, agents, employees and servants were executed by the Defendants under the color and pretense of statutes, ordinances, regulations, customs and usages of the Commonwealth of Massachusetts.

20.   Defendants coerced and attempted to deprive Plaintiff of his constitutional right to due process and unfettered access to judicial process as guaranteed by the XIV Amendment to the United States Constitution and by 42 U.S.C. sec. 1983 as well as the laws and statutes of the Commonwealth of Massachusetts.

21.   Defendants intentionally inflicted emotional and financial distress on this 82-year-old Plaintiff - suffering kidney failure (Apps 30-32) possibly due to lead paint poisoning in Defendants' housing facilities never tested by the Landlord - by retaliatory eviction because Plaintiff chose to complain in court concerning

Defendants' plain violations of all landlord/tenant law and regulation of the Commonwealth of Massachusetts.

22.    Defendants have attempted, ineffectually, to comply with landlord/tenant law and regulation upon findings of violations in the Northeast Housing Court but they have never complied with lead paint law nor tested for lead paint on property built prior to 1978 despite the presence of children under 6 years of age in Defendants' apartments. (see 21 supra & M.G.L. c. 186 & Apps 40)) Further, Defendants were sanctioned by the Commonwealth of Massachusetts EPA for lead paint law violations according to Amir Ingraham (617)918-1588.

23.    Defendants would evict Plaintiff for exercising his constitutional right of access to the courts and deprive him of his rights as a tenant and his constitutional right to property or occupancy of the apartment owned and managed by the Defendants. There is no fundamental constitutional right to evict. Further Defendants have deprived Plaintiff of property by admitting that they will not return

the key deposit even at the termination of tenancy (see 15 supra &

Apps 412(Q7)) and illegally retaining Plaintiff's Last Month's Rent

Deposit. (see 15 supra & Apps 41)

### FIRST CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHT TO DUE PROCESS
### ACCESS TO THE COURTS AS GUARANTEED BY
### AMENDMENT V TO THE UNITED STATES CONSTITUTION

24.    The allegations contained in prior paragraphs are incorporated

herein by reference, the same as though pleaded in full.

25.    Defendants have attempted to deny Plaintiff access to the

courts, threatening and coercing Plaintiff with retaliatory eviction

summary process because Plaintiff exercised in court his

constitutional right to complain of Defendants' violations of law.

(Apps 4)

### SECOND CAUSE OF ACTION
### DEFENDANTS INTENTIONALLY INFLICTED EXTREME
### EMOTIONAL DISTRESS AND EXPENSE ON PLAINTIFF

26.    The allegations contained in prior paragraphs are incorporated

herein by reference as though pleaded in full.

27.  By dragging the Plaintiff/Tenant through the courts and attempting to deprive him of his lawful habitation, particularly since the state courts have been recalcitrant in recognizing his rights pursuant to Massachusetts law and regulation as well as pursuant to the U.S. Constitution, Plaintiff, already ill with kidney failure (Apps 30-32), has suffered physical and mental distress as well as expense.

THIRD CAUSE OF ACTION
DEFENDANTS HAVE ATTEMPTED TO DEPRIVE
PLAINTIFF OF PROPERTY CONTRARY TO UNITED
STATES CONSTITUTIONAL AMENDMENTS V &VII

28.  The allegations contained in prior paragraphs are incorporated herein by reference, the same as though pleaded in full.

29.  Plaintiff/Tenant pays $825.00 monthly to rent Defendant's apartment and in this tight housing market - Plaintiff is a real estate broker - has a vested interest in the apartment particularly since there is no constitutional right to evict. Plaintiff is also deprived of his illegal key and last month's rent deposits. (see 23 supra)

30.  Massachusetts Constitution Articles I, X and XI provide that Plaintiff may not be arbitrarily deprived of property rights.

FOURTH CAUSE OF ACTION
THE DISTRICT COURT'S DECISION IS NOT RES
JUDICATA AND THE ASSISTANT CLERK IS UNQUALIFIED

31.   The allegations contained in prior paragraphs are incorporated herein by reference as though pleaded in full.

32.   On 4/24/02 Plaintiff filed a small claims complaint pursuant to M.G.L. 93A. (Apps 3)

33.   The District Court's boiler-plate decision (Apps 5) without findings by the Assistant Clerk is invalid and cannot constitute res judicata with regard to Defendants' violations of Last Month's Rent and Security Deposits as ruled by the Northeast Housing Court and the Massachusetts Court of Appeals. (see 16 supra &Apps 33-36))

34.   The failure of the District Court (supra) and the Housing Court to implement proper legal procedure (Apps 6-7) has caused financial harm to Plaintiff who should be compensated for their failures at law.


FIFTH CAUSE OF ACTION
PLAINTIFF WAS NOT AFFORDED HIS DAY IN
COURT WHERE THE HOUSING COURT JUDGE WAS
IGNORANT OF LANDLORD/TENANT LAW AND CASE FACTS

35.   The allegations in prior paragraphs are incorporated here in by

reference as though pleaded in full.

36.    At hearing (Apps 8-29) the Housing Court Judge was ignorant of landlord/tenant law, particularly lead paint law. (Apps 16-19 Line 15) The Judge was ignorant of basic law with regard to small claims decisions which can only be appealed by the defendant. (Apps 11 lines 9-10) Further the Gloucester District Court Assistant Clerk may have been unqualified to hear Plaintiff's small claims complaint and thus deprived Plaintiff of his day in Court. (Apps 5-7 & supra 32)

## SIXTH CAUSE OF ACTION
## DEFENDANTS AND THE MASSACHUSETTS COURTS
## FAILURE TO ABIDE BY LEAD PAINT LAW & NOTIFICATION

37.    The allegations in prior paragraphs are incorporated here in by reference as though pleaded in full.

38.    Lead Paint poisoning not only occurs among children; it may have disastrous consequences for adults.  In Plaintiff's case kidney failure (Apps 30-32) may have resulted from lead paint poisoning due to Defendants' failure to notify tenants of the possibility of lead paint or to  test for presence of lead paint in a complex built prior to 1978. Irrespective of whether lead paint exists, by law the landlord is

obligated to test for lead paint and notify tenants in housing built prior to 1978 especially with children age six or under.

39.   The Northeast Housing Court Judge and Defendant' Attorney at hearing were totally ignorant of lead paint notification applying to <u>all</u> tenants, not only to those tenants with children under the age of six! (Apps 16-19 line 15) Defendants admit to owning and managing in excess of 250 apartments.


## PRAYER FOR RELIEF

40.   Due to egregious violations of his rights, Plaintiff has suffered great pain of mind and body and other damages.  Wherefore, Plaintiff prays that this Court award him compensatory and punitive damages to which he is entitled as well as expenses.

41.    Due to Plaintiff's physical condition Plaintiff  prays that this Court exercise discretion pursuant to Rule 65 of the Federal Rules of Civil Procedure and accelerate the trial on the merits.

42.   That this Court grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

43.    Plaintiff hereby demands a trial by jury of all issues so triable in this cause of action.

Respectfully submitted,

_____ Dated 5/6/04
Robert F. Urbano Pro Se
PO Box 895 Gloucester MA 01931
(978)546-7648

## CERTIFICATE OF SERVICE

I hereby certify that on  5/6/04 I caused a true and accurate copy of the above document to be served by first-class mail prepaid upon Defendant's Attorney George R. Sibley 17 Rocky Neck Ave, Gloucester MA 01930.

_____
Robert F. Urbano