COMMONWEALTH OF MASSACHUSETTS

ROBERT URBANO,  
    Plaintiff

UNITED STATES DISTRICT COURT  
DISTRICT OF MASSACHUSETTS  
Civil #04-CV-10920

v.

PARAGON PROPERTIES, INC.  
and JONATHAN GLICK, Trustee,  
    Defendant

DEFENDANTS' MOTION TO DISMISS

Now come Paragon Properties, Inc. and Jonathan Glick, Trustee, and, under Rule 12 of the Federal Rules of Civil Procedure, move that the Complaint filed by the Plaintiff be dismissed as it fails to state a claim upon which this Court can grant relief. In support thereof the Defendants give the following grounds:

## Procedural Background

As can be seen from the Appendix to the Complaint, the instant case arises from an eviction action brought by the Defendant Paragon Properties (in the name of its subsidiary, Sandy Bay Estates) against the Plaintiff, which had been presaged by a small claims action brought by the Plaintiff against Paragon Properties ("Paragon") in April 2002. Contemporaneous with filing the small claims action, the Plaintiff had stopped paying rent.

The hearing of the small claims in the Gloucester District Court resulted in a finding in favor of Paragon. As the Plaintiff continued to fail to pay the rent, Paragon then initiated an eviction action. This was tried in the Northeast Housing Court, from whose decision the Plaintiff appealed to

the Massachusetts Appeals Court. That Court upheld the Housing Court, and the Plaintiff thereupon requested a rehearing from the Appeals Court, and, when that was denied, further review from the Massachusetts Supreme Judicial Court. This, too, was denied.

The Plaintiff then filed this action in federal court, in which he now seeks to relitigate the same matters raised in the previous cases. This despite the fact that the Housing Court ruling allowed the Plaintiff to remain in posssession of his apartment provided he paid the Defendants all the rent due, which he has since done.

## Statutory Underpinnings of the Complaint

The Plaintiff cites jurisdiction under 28 U.S.C. 1331 and 28 U.S.C. 1343, for his claim under 42 U.S.C. 1983. This Motion will address each in turn:

*28 U.S.C. 1331* This statute covers federal district court jurisdiction of civil actions. Yet under it "a federal court has no original jurisdiction to reverse or modify a state court judgment," Hanna v. Home Insurance Co., 281 F. 2nd 298 (1960). Further, a "party adversely affected by a state court's decision may seek redress in appellate courts of that state," E-C Tape Service, Inc. v. Barron, 71 F.R.D. 585 (1976). This latter the plaintiff has done - fully.

*28 U.S.C. 1343* This statute covers federal district court jurisdiction of civil rights actions alleging (1) conspiracy, (2) voting rights violations, and (3) actions under color of state law. Parsing the Complaint, the only portion of this section which seems remotely applicable in the instant case is the third, which is addressed below.

*42 U.S.C. 1983* This statute requires the Plaintiff to support two elements - that he was deprived of rights protected by the Constitution or federal law, and that this deprivation was caused by the Defendants acting under color of state law. "Filing an eviction action in state court was not an action by the landlord under color of law within this section and did not give rise to a claim upon which relief can be granted even if eviction was in retaliation for tenants' having insisted upon their rights," Fallis v. Dunbar, 386 F. Supp. 1117 (1974). "In bringing eviction proceeding in state court lessor and related parties were not state actors and did not act under color of state law, and thus could not be liable to lessee for wrongful eviction under §1983," Eidson v. Arenas, 910 F. Supp 609 (1995).

Finally, this Court lacks jurisdiction over the tort claim in the Second Cause of Action in the Complaint, as there is no diversity of citizenship between the parties, or any federal question raised.

WHEREFORE, the Defendants ask that this Complaint be dismissed.

By their Attorney,

George Ross Sibley
BBO #461140
17 Rocky Neck Avenue
Gloucester, MA 01930
(978) 281-2064