# COMMONWEALTH OF MASSACHUSETTS

ROBERT URBANO,
                    Plaintiff

v.

PARAGON PROPERTIES, INC.
and JONATHAN GLICK, Trustee,
                    Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Civil #04-CV-10920

## DEFENDANTS' MOTION FOR PAYMENT OF ATTORNEY'S FEE BY PLAINTIFF

Now come Paragon Properties, Inc. and Jonathan Glick, Trustee, and, under Rule 11 of the Federal Rules of Civil Procedure, move that the Plaintiff be ordered to compensate them for their attorney's fees incurred in responding to this action In support thereof the Defendants state the following grounds:

As can be seen from the Appendix to the Complaint, the instant case arises from an eviction action brought by the Defendant Paragon Properties (in the name of its subsidiary, Sandy Bay Estates) against the Plaintiff, which had been presaged by a small claims action brought by the Plaintiff against Paragon Properties ("Paragon") in April 2002. Contemporaneous with filing the small claims action, the Plaintiff had stopped paying rent.

The hearing of the small claims in the Gloucester District Court resulted in a finding in favor of Paragon. As the Plaintiff continued to fail to pay the rent, Paragon then initiated an eviction action. This was tried in the Northeast Housing Court, from whose decision the Plaintiff appealed to

the Massachusetts Appeals Court. That Court upheld the Housing Court, and the Plaintiff thereupon requested a rehearing from the Appeals Court, and, when that was denied, then further review from the Massachusetts Supreme Judicial Court. This, too, was denied.

The Plaintiff then filed this action in federal court, in which he now seeks to relitigate the same matters raised in the previous cases. This despite the fact that the Housing Court ruling allowed the Plaintiff to remain in possession of his apartment provided he paid the Defendants all the rent due, which he has since done. The Defendants are thus forced to spend yet more sums to contest these settled matters with the Plaintiff.

This Rule 11 motion accompanies a Motion to Dismiss under Rule 12. Suits such as this one are "barred by principles of res judicata and collateral estoppel" as the Plaintiff's are "all arguments for which either could have been or were raised during the course of the [previous] lawsuits." Patterson v. Aiken, 841 F.2nd 386 (1988).

The facts here are analagous to Patterson, as this complaint, too, is "a 're-hash' of claims made in prior litgation . . . a man of [the Plaintiff's] education, given a reasonable amount of time in a law library, could determine that once a judgment has been entered one cannot file another lawsuit to object to the conduct of the first," Patterson, at 387.

Further the Plaintiff choice to proceed *pro se* does not afford him an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overcrowded court dockets," Farguson v. MBank Houston, N.A., 808 F. 2d. 358 (1986).

WHEREFORE the Defendants request that upon allowance of their accompanying Motion to Dismiss, this Court allow this Motion under Rule 11 and direct that the Defendants' counsel submit an Affidavit of his fees for persusal.

By their Attorney,

George Ross Sibley
BBO 461140
17 Rocky Neck Avenue
Gloucester, MA 01930
(978) 281-2064

## CERTIFICATE OF SERVICE

I, George Ross Sibley, Esq., attorney for PARAGON PROPERTIES, INC. AND JONATHAN GLICK, Tr., hereby certify that I have served the foregoing <u>DEFENDANTS' MOTION TO DISMISS</u> and <u>DEFENDANTS'</u> <u>MOTION FOR PAYMENT OF ATTORNEY'S FEE BY PLAINTIFF</u> upon the Plaintiff by mailing a copy thereof, postage prepaid, to him at his address, P. O. Box 895, Gloucester, MA 01931.

George Ross Sibley

Date: July 6, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT F. URBANO,
            Plaintiff,

Civil 0439-CV-144

vs.

OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS

PARAGON PROPERTIES, INC.
and JONATHAN GLICK, Trustee,
           Defendants.

---

## OPPOSITION

Defendants' Motions to Dismiss and for Payment of Attorney's Fee are inextricably intertwined to the extent that Plaintiff will address both in this Opposition to Defendants' Motion to Dismiss.

The "Procedural Background" stated by the Defendants alleges that "Plaintiff had stopped paying the rent." The fact is that Plaintiff had escrowed the rent (Complaint Apps 13 lines 1-5) and subsequently the Housing Court on appeal approved escrow modifying it by requiring that the escrow deposit be in the names of both Tenant and Landlord.

- 1 -

Plaintiff offered voluntarily to give the escrow account to Defendants provided that the action would have no effect on the instant action. (see attached 1-2) The Housing Court Judge assured Plaintiff that there would be no adverse effect on the instant action. Now Defendants attempt to use the Housing Court hearing adversely. Defendants had alleged that they could not obtain the escrow account without a Housing Court order. This was patently false since a court order proved not necessary at the Bank.

However, Defendants then filed a motion to obtain the escrowed funds and possession which latter motion was dismissed peremptorily by the Judge since the order affirmed by the Appellate Division stated that Plaintiff/Tenant would retain possession if Defendants/Landlord received the escrowed funds. (Complaint Apps 29 & 33-36a)) If this Court finds that the transcript of the foregoing hearing is necessary, Plaintiff will order the tape and transcript? Presently there is no time to order the foregoing. Obviously, Defendants attempted to induce Plaintiff not to respond and not to attend the hearing on Defendants' motions in the Housing Court.

- 2 -

Defendants allege that Plaintiff "now seeks to relitigate the same matters raised in the previous state cases." Plaintiff actually seeks rulings on the Constitutional matters ignored or misapprehended by the said Massachusetts Courts.

## PLAINTIFF'S COMPLAINT

If Defendants had simply filed summary process eviction without embellishment with unconstitutional acts both at the time and prior to the summary process eviction, Defendants would not have a problem.

If the Massachusetts Courts had afforded Plaintiff the opportunity for a fair and constitutional hearing on all constitutional issues in state courts, there would not be an occasion mandating the instant action.

Defendants with the instant motion conveniently ignore the Complaint's Constitutional allegations to which they have no defense.

Defendants have continually and outrageously objected to Plaintiff proceeding Pro Se. A citizen of the United States has a constitutional right to defend himself and to proceed Pro Se. Watson v. v. Caton, 984F2d 537, 540 (1st Cir. 1993)

- 3 -

Initially, it should be pointed out that prior to Plaintiff's actions in the Massachusetts Courts the Defendants never abided by a single Massachusetts law or regulation governing landlord/tenant. Whether Defendants are now observing said law and regulation is open to question.

Defendants did make an ill-advised attempt to have tenants sign a subsequent to occupancy lead paint notification but this is totally ineffective since the notification must be made prior to occupation of the leased premises built prior to 1978. (Complaint Apps 16-17) Further, Plaintiff's Apartment and others enquired of by Plaintiff have never had their apartments inspected for lead paint. ( Attached 3)

## ARGUMENT

Initially, upon consideration of this Motion to Dismiss this Court must make all reasonable inferences in favor of Plaintiff and take the allegations of the Complaint as true. Monahan v. Dorchester Counseling Center, Inc., 961 F2d 987, 988 (1st Cir.1992)

Under 42 U.S.C. 1983 states that (See Evans v. Avery, 100F3d 1033, 1036 (1st Cir. 1996):

"* * * every person who, under color of statute, ordinance, regulation, custom or * * *, subjects, or causes to be subjected, any citizen of the United States* * *to the deprivation of any rights, privileges, or immunities secured by the Constitution laws, shall be liable to the party injured."

It is apparent that Defendants at all times were acting under color of State law. Roche v. John Hancock Mutual Life Ins. Co., 81 F3d 249, 253 (1st Cir. 1996)

**First Cause of Action** (See Complaint 24-25 & Attached 5(10): Defendants brought summary process eviction in retaliation for Plaintiff's small claims action (Complaint Apps 3 & 5) and pressured Plaintiff unsuccessfully to withdraw his complaint. (Ibid 4) Plaintiff has a constitutional right of free access to the courts or due process without fear of intimidation according to the United States and Massachusetts Constitutions. As stated in Rubinovitz v. Rogato, 60 F3d 906, 909-910(1st Cir.199 (See Complaint Apps 29, 33-37 & 45):

"Liability in the instant type of equal protection case should depend on proof that * * * (2) that such select-

- 5 -

ive treatment was based on impermissible considerations such as an <u>intent to inhibit</u> or punish the exercise of constitutional rights * * *" (emphasis supplied)

The Appeals Court's cursory opinion states simply "* * * the tenant made no showing of unlawful retaliation.* * * " (Ibid 37). If the threat by Defendants (supra) is not constitutionally prohibited, the US & State Constitutions are meaningless. The issue was raised in the State courts. (See Attached 5(10))

Further, eviction is not a constitutional right. Rubinovitz v. Rogato, 60 F3d 906, 910-911(1st Cir. 1995)

**Second Cause of Action** (See Complaint 26-27): The Massachusetts Court of Appeals in it's Opinion affirming the Housing Court order states that "* * * The tenant [Plaintiff] made no showing of specific damages resulting from the failure to give lead paint notification* * *". (Complaint Apps 36) Obviously the Court did not read Plaintiff's Physician's report of kidney failure - attached to the appeal - possibly attributable to lead paint poisoning. (Complaint Apps 30-32 & Attached 3) Defendants refuse to test for lead paint and cavalierly state "No notification was provided to the tenant regarding lead paint

- 6 -

If it was (sic) requested it would have been provided * * *"

(Complaint Apps 40 Q3(c)

It is readily apparent that Plaintiff has incurred considerable expense and time in attempting to force Defendants to comply with the law, any law, albeit thus far unsuccessfully!    Plaintiff should be compensated for his costs.

**Third Cause of Action** (See Complaint 28-30):  Plaintiff retains the apartment <u>momentarily</u> as ruled by the Housing Court subsequent to the within Complaint and keeping in mind that the Housing Court stated that giving up the escrowed rent would have no effect on the instant Complaint. (see 2 supra) Despite the foregoing Defendants now attempt to use the Housing Court rulings in this matter. (Attached 1)

In any event, Defendants have stated and reiterated that if the locks are not replaced " * * * We do not return these fees as a general policy. A $25 key purchase was collected from the tenant upon lease signing as per rent receipt." (Complaint Apps 42 Q(7)    Thus Defendants have deprived Plaintiff of property contrary to United States and Massachusetts Constitutional law.  (See Attached 5(6))

- 7 -

Further, Defendants have retained a Last Month's Rent Deposit without complying with the Massachusetts State laws and attempted to introduce a fraudulent "receipt". (See Complaint Apps 41 Q4(e-h)

However the Housing Court Judge recognized that Plaintiff had never received a receipt mandated by law. (Ibid 21-23) In his order the Housing Court Judge failed to so much as refer to this egregious violation (Ibid 29) and neither did the Massachusetts Appellate & Supreme Courts. (Complaint Apps 33-36a & 45) Therefore, Plaintiff has been illegally deprived of the use of his funds and interest - if at all interest by the Defendants is at their whim (Complaint Apps 41 Q4e-h & D2) - on the Last Month's Rent Deposit retained by Defendants contrary to constitutional law. (see supra & Attached 4(3, 4 & 5) This contention was ignored in the Massachusetts Appellate and Supreme Courts. (See Attached 49(3-5)

**Fourth Cause of Action** (See Complaint 31-34 & Complaint Apps4(1)): A claim will be precluded by res judicata if these elements are present:

"(1) a final judgment <u>on the merits</u> in an

- 8 -

> earlier suit, (2) sufficient identicality be-
> tween the earlier and later suits , and (3)
> sufficient identicality between the parties
> in the two suits." (emphasis supplied).
> Gonzalez v. Banco Central Corp., 27 F3d
> 751, 755 (1st Cir. 1994) (emphasis supplied)

It is readily apparent that the District Court boiler-plate order did not address the merits of the Complaint and in fact only stated that "This means that the defendant does not have to pay the plaintiff any part of the claim or costs in this case."(Complaint Apps 5- emphasis supplied)

**Fifth Cause of Action** (See Complaint 35-36 & Attached 4(4 & 5): One need only read the transcript of the Housing Court hearing (Complaint Apps 8-29) to realize that Plaintiff was not afforded due process where the Housing Court Judge was ignorant of basic landlord/tenant law in Massachusetts.

Moreover, the hearing on Plaintiff's small claims complaint - apart from the question of what the Assistant Clerk actually decided other than no award of monetary damages - was heard by an apparently unqualified Assistant Clerk; the Clerk of the Gloucester District Court

- 9 -

has refused to state whether in fact his Assistant was qualified according to State law. (Complaint Apps 6-7)

**Sixth Cause of Action** (See Complaint 37-39 & Attached 5(7): Lead Paint law is nationally mandated and therefore a United States Constitutional question (Attached 3) particularly where ignored by the State Courts. The State Court orders do not address the lead paint issue. (Complaint Apps 29, 33-36 & 45) The rights of Plaintiff and others cannot be ignored and trampled upon to the detriment of their well-being by out-of-control landlords. Is this a Country of laws or is it the prerogative of those in positions of power to ignore the rights of citizen/tenants?

## CONCLUSION

It is readily apparent that some, if not all, of Plaintiff's issues are not relitigations and should be addressed by this Court, particularly where State courts have not ruled on the issues. Defendants request Attorney's fees whereas it is obvious that Defendants have chosen to fight rather than mend their ways and observe Massachusetts landlord/tenant law and regulation as well as National standards i.e.

- 10 -

lead paint law. Plaintiff gave Defendants every opportunity to comply with the law and avoid litigation. (Complaint Apps 1-2)

Respectfully submitted,

_____ Dated 7/14/04

Robert F. Urbano - Pro Se
PO Box 895 Gloucester MA 01931
(978)546-7648

## CERTIFICATE OF SERVICE

Plaintiff Robert F. Urbano hereby certify that on 7/14/04 I served the Defendants' Attorney, George R. Sibley an accurate copy of the foregoing Opposition by mail prepaid first-class postage at 17 Rocky Neck Ave, Gloucester MA 01930.

- 11 -