United States District Court
District of Massachusetts

```
_____
                              )
ROBERT F. URBANO,             )
                              )
        Plaintiff,            )
                              )   Civil Action No.
        v.                    )   04-10920-NMG
                              )
PARAGON PROPERTIES, INC. and  )
JONATHAN GLICK, Trustee,      )
                              )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In the instant dispute, plaintiff, Robert F. Urbano ("Urbano") alleges that Paragon Properties, Inc. ("Paragon") and Jonathan Glick, as Trustee of Paragon ("Glick"), violated his rights under Massachusetts law and 42 U.S.C. § 1983.[1] Defendants now move to dismiss and for attorneys' fees.

Urbano, proceeding pro se, filed the instant complaint on May 7, 2004. Although neither party provides a clear statement of the underlying facts, it appears that the parties have a long, litigious entanglement based upon Urbano's tenancy at an apartment owned by Paragon. The complaint purports to state six causes of action: 1) violation of plaintiff's Fifth Amendment Right to Due Process, 2) intentional infliction of extreme

---

[1] It is unclear whether Glick is actually a "Trustee" or is, rather, a "Manager" of Paragon.

emotional distress, 3) violation of Amendments V and VII to the Massachusetts Constitution, 4) that a previous state court decision with respect to the parties is not "res judicata", 5) that plaintiff "was not afforded his day in court" in the Massachusetts Housing Court and 6) violation of Massachusetts "lead paint law".

On September 17, 2004, defendants filed a Motion to Dismiss and a Motion for Attorneys' Fees under Fed.R.Civ.P. 11.  Although the defendants cite only to "Rule 12", it appears that they intend to invoke Fed.R.Civ.P. 12(b)(1) (dismissal for lack of subject matter jurisdiction) and their motion will be analyzed under that provision.

In this case, there is no diversity jurisdiction because both of the individual parties are residents of Massachusetts. See 28 U.S.C. § 1332.  Thus, this Court has jurisdiction only if a federal question has been presented.  See 28 U.S.C. § 1331.

Claims Two through Six of the complaint do not present federal questions because they are state law claims. Interpreting Claim One generously, it appears that plaintiff intends to state a cause of action under the federal civil rights statute, 42 U.S.C. § 1983.  Such a claim, however, would fail as a matter of law because the defendants did not, under any circumstances, act "under color of any statute, ordinance, regulation, custom, or usage of any state", as required under §

1983. <u>Roche</u> v. <u>John Hancock Mut. Life Ins. Co.</u>, 81 F.3d 249, 253 (1st Cir. 1996). <u>Eidson</u> v. <u>Arenas</u>, 910 F.Supp. 609, 613 (M.D.Fla. 1995)(holding that a landlord does not act under color of state law when instituting state court eviction proceedings). Thus, this Court lacks subject matter jurisdiction over the instant dispute and defendants' motion to dismiss will be allowed.[2]

Defendant's Motion for Attorneys' Fees will be denied. Although <u>pro se</u> litigants are potentially subject to sanction under Fed.R.Civ.P. 11, sanctions are not warranted where, as here, the complaint appears to be the result of a misunderstanding of governing law rather than bad faith and the plaintiff has not persisted in such conduct.

**ORDER**

In accordance with the foregoing, defendants' Motion to Dismiss (Docket No. 3) is **ALLOWED,** defendants' Motion for Attorney's Fees (Docket No. 4) is **DENIED** and this case is **DISMISSED.**

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated July 8, 2005

---

[2] Plaintiff will not be granted leave to re-file because his claims have already been litigated in state court and would, therefore, be subject to dismissal on <u>res judicata</u> grounds.